E-FILED
Thursday, 19 January, 2017  10:12:07 AM
Clerk, U.S. District Court, ILCD

# United States District Court

## CENTRAL DISTRICT OF ILLINOIS

*Peoria*

| | |
|---|---|
| Larry G. Harris, N-57672           , | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| Wexford Medical Dr. Dempsey         | ) |
| Mary Miller, RNBS | ) |
| Dr. Lochard, Dr. James, Dr. Young | ) |
| | ) |
| Warden Victor Calloway             | ) |
| | ) |
| _____ | ) |
| | ) |
| _____ , | ) |
| | ) |
| Defendant(s) | ) |

Case No. _____NEW_____
*(The case number will be assigned by the clerk)*

SCANNED AT BIG MUDDY CC and E-mailed
___1/18/7___ by _J.H._  _20_ pages
  date        initials   No.

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☒ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

---

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Larry G. Harris  N-57672

Prison Identification Number: N-57672

Current address: Big Muddy River C.C., 251 North Illinois Highway 37,

Ina, IL 62846

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Wexford Acting Medical Director Dr. Dempsey

Current Job Title: Wexford Health Sources INC. Acting Director

Current Work Address 501 Holiday Drive, Foster Plaza Four

Pittsburg, PA 15220

Defendant #2:

Full Name: Mary Miller- Wexford Medical Care Contractor

Current Job Title: Danville C.C. Medical Director

Current Work Address 3820 East Main Street

Danville, IL 61834

Defendant #3:

Full Name: Dr. Richard Lochard, Wexford Medical Care Contractor

2

Current Job Title:    Doctor, Danville C.C. Wexford Staff

Current Work Address 3820 East Main Street

 Danville, IL 61834

Defendant #4:

    Full Name:  Dr. James, Wexford Medical Care Contractor

    Current Job Title:   Wexford Prison Medical Contractor Doctor

    Current Work Address  3820 East Main Street

    Danville, IL 61834

Defendant #5:

    Full Name:  Dr. Young, Wexford Medical Care Contractor

    Current Job Title:   Wexford Medical Care Contractor Doctor

    Current Work Address  3820 East Main Street

    Danville, IL 61834

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal <u>in forma pauperis</u> in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A.  Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?      Yes ☒        No ☐

If yes, please describe  Several civil rights actions. One strike. Current case

Harris-vs-Brown, 3:07-cv-03225-HAB-BGC & Harris-vs-Butler 14-498-SMY

B.  Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒        No ☐

3

Defendant #6   Victor P. Calloway
               CAO Warden Danville C.C.
               3820 East Main Street
               Danville, IL 61834

C. If your answer to B is yes, how many? _5 or 6_ Describe the lawsuit(s) below.

    1. Name of Case, Court and Docket Number
       <u>Last jury trial Harris-vs-Williams & Bowerman 11-cv-648</u>

    2. Basic claim made  <u>Civil Rights violation 1st Amendment Activity Retaliation</u>

    3. Disposition (That is, how did the case end?  Was the case dismissed?  Was it appealed?  Is it still

pending?)  <u>Two still pending. Some won, some lost. Trials, Summary judgment.</u>


*For additional cases, provide the above information in the same format on a separate page.*


## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

    *Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint.  However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☒  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

    Yes ☒   No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?   Yes ☒   No ☐

See attached copy.

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  I.D.O.C. Danville C.C.

Date(s) of the occurrence  April 20th, 2016 to December 7th, 2016

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

Plaintiff suffers from the Disease of Hashimoto's Thyroiditis Disease. Plaintiff has received a Medical No Soy Diet since December 3rd, 2008. Soy consumption exacerbates the disease. Plaintiff sufferes adverse and severe reactions from consuming the I.D.O.C. soy TVP & HVP laden meal in place. Low heart rate, with pacemaker placement June 2006. Chronic constipation, bleeding out the bowels, severe bleeding hemorrohoids, chronic fatigue, short term memory loss, brain fog, low body temperature, skin rashes, loss of hair on body, Trouble sleeping, swelling of thyroid which causes hard time breathing and swallowing. Joint aches, back and hip pain.

On April 20th, 2016, the Plaintiff was transferred from the Menard C.C. to the Danville C.C.. Upon arrival at the Danville C.C. the Plaintiff's Diet was denied and terminated by the Danville Medical Director, Mary Miller, without any jusification. Subjecting the Plaintiff to a condition of eating and getting sick, or starving while in segregation placement from April 20th, 2016 to June 17th, 2016. Plaintiff could buy no commissary food to supplement his diet while in segregation status. Subjecting the plaintiff to a low quality of survival that violates the U.S. Constitution under the Eighth Amendments prohibitions on cruel and unusual punishment. Denial of prior Medical Care violates the Deliberate Indifference to Medical Needs Standards set by the U.S. Supreme Court in the *Estelle-vs-Gamble, 97 S.Ct.285 case at Key Note 8.*

Once released to General Population the Plaintiff was required to supplement the protein in his diet by buying the meat and cheese products from the Prisoner Commissary.

5

This is an illegal act. The State Department of Corrections is required to supply a diet that sustains the Plaintiff's health. Not one that is detrimental to his health in order to save money on the prison dietary budget. See cases *Duran-vs-Anaya, 642 F. Supp. 510 (D.New Mex. 1986) at Key Note 8. & Ramos-vs-Lamm, 639 F.2d 559 (10th Cir. 1980 at Key Note 8.*

For it is an act of Deliberate Indifference to the Medical Needs of the Plaintiff where he is denied the prior medical care, and subjected to a very low quality of life where he must decide each day whether he will eat and become sick, or starve. That the plaintiff's family and friends is required to supply him with money each month to supplement his diet off the prisoner commissary. The Wexford Defendants will supply Levothyroxine 75 MCG daily to combat the Hashimoto's Thyrioditis Disease. Supply Minocycline capsules, 100mg, twice daily to combat the severe skin rashes to the Plaintiff's face, neck, and shoulders. Will supply hemorrhoid cream and laxitives for the chronic constipation, and tell the Plaintiff to just deal with the rest of the symptoms of Hypothyroidism. But refuse to address the cause of the problem, the soy intake. The "Bandage Care" applied treats the symptoms, but fails to address and correct the cause. Which leaves the Plaintiff in daily pain and suffering in violation of the U. S. Constitutions 8th Amendment prohibitions on cruel & unusual punishment. See attached Medical Affidavits and Medical Documentation which establishes the fact that soy exerbates the Plaintiff Thyroid disorder.

Claim Two: In the case of Harris.et al.,-vs-Brown, et al., 3:07-03225-HAB-BGC- US Central District, the Wexford and I.D.O.C. Defendants testified that the Plaintiff was receiving a Medical No Soy Diet, and Thyroid Disorder Medical Care. That they were not Deliberately Indifferent to the Medical Care required. Thus, Judge Harold Baker granted Summary Judgment in the District Court. Then the Defendants shipped the Plaintiff to the Danville C.C. and terminated the No Soy diet. Now the Wexford Staff and the I.D.O.C. can not have it both ways. They can not testify to supplying the required No Soy Diet to win Summary Judgment, and then terminate that diet once Summary Judgment

is granted. Based on Judge Baker stating Plaintiff Harris was being given the no soy diet and thyroid treatment. Creates a situation where they reneged on their testimony. Then subjected the Plaintiff to the same cruel and unusual punishment in retaliation for the First Amendment activity that created the case at bar. See attached copies of the Medical history of No Soy diet being supplied since December 3rd, 2008.

To subject the Plaintiff to a quality of life-in which to survive his prison sentence-requires the Plaintiff to daily decide if he will eat and become sick, or not eat. For this does violate the Eighth Amendment prohibitions on cruel and unusual punishment. Nor should the family and friends of the Plaintiff be required to send him money each month to supplement his diet off the Prisoner Commissary.

See attached affidavits of Dr. Richard Pooley, Karen Lyke, MS, CNN, Dsc, Written Medical Report, "The Impact Of Soy On Thyroid Function: A Review," By Karen Lyke.

New Zealand Medical Journal 2000 "Soy Formula and the effects of isoflavones on the tyroid."

PubMed Thyroid/soy effects study  2 pages

May 17,2016 Update by Mary Shomon  3 pages

PubMed Thyrois Research related to soy consumption 5 pages

Mercola.com Dr. Mercola Studies  10 pages

All studies show the diminished quality of life the Plaintiff is subjected too. By being required to survive off the I.D.O.C. soy meat substitute diet, he is now required to survive off of daily. Thus, subjected to daily pain and suffering from consuming the soy diet. A violation of the U.S. Constitution's 8th Amendment prohibitions on cruel and unusual punishment. Plaintiff presented these studies and Medical Facts to the Wexford Doctor's Dempsey, Lochard, James, and Young, and also to Medical Director Mary Miller while housed at the Danville C.C.. With Deliberate Indifference diet was denied. Also supplied to Warden Calloway.

7

RELIEF REQUESTED

(State what relief you want from the court.)

1. I want the Medical No Soy diet placed in my I.D.O.C. Master File. For it to travel with me on all transfers to all I.D.O.C. facilities.

2. I want one-thousand dollars a day for everyday I was denied my Medical Noy Soy Diet at the Danville C.C.. April 20th.2016, to December 7th, 2016. A total of 231,000.00 dollars for the pain and suffering. Weight loss, and hypothyroidism symptoms suffered daily. $231,000.00 dollars in compensatory damages.

3. I want what ever the Judge, or Jury will award in punitive damages to stop the cover-up and deliberate indifference to the detrimental effects of the soy diet on the Plaintiff here.

JURY DEMAND          Yes  ☒          No  ☐

Signed this ___3rd___ day of ___January___, 20 _17_.

_____
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Larry G. Harris | N-57672 |
| Address: | Telephone Number: |
| Big Muddy River C.C.<br>251 N- Illinois Hwy 37<br>Ina, IL 62846 | (217) 446-0441 |

8

## PLAINTIFF's APPENDIX

### EXHIBITS IN SUPPORT OF CONSTITUTIONAL CLAIM

1. Grievance ........................................ 3 Pages

2. Response from I.D.O.C. Administrative Review
   Board  6-22-2016 & 11-28-2016 ............... 2 Pages

3. Medical records No Soy Diet .................. 3 Pages
   12.03-2008 Wexford Dr. Shah
   6-19-2009  Wexford Dr. obadina
   7-25-2013  Asst. Warden Butler

4. Affidavit and Medical File Review Dr. Pooley  4 Pages

5. Karen Lyke Affidavit ........................ 2 Pages

6. Karen Lyke Medical Report .................. 19 Pages

7. New Zealand Medical Journal Report .......... 3 Pages

8. PubMed Thyrois Report ....................... 2 Pages

9. Mary Shomon Thyrois Article ................. 3 Pages

10. PubMed Tyroid Medical Reports .............. 5 Pages

11. Dr. Mercola's Thyrois/Soy Medical Report .. 10 Pages


Proof Of Service    Total of 66 pages here.

Page 9

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 4-26-16 | Offender: (Please Print) Larry G. Harris | ID#: N-57672 |
|---|---|---|
| Present Facility: Danville C.C. | Facility where grievance issue occurred: Danville C.C. #16/0516 | |

**NATURE OF GRIEVANCE:**

| | | | |
|---|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☐ Staff Conduct | ☒ Dietary | ☒ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☐ Other (specify): |

☐ Disciplinary Report: _____ / _____ / _____
　　　　　　　　　　　Date of Report　　　　　　　　Facility where issued

Note:　Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
　　Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
　　Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
　　Chief Administrative Officer, only if EMERGENCY grievance.
　　Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
　　administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
　　Administrative Officer.

Brief Summary of Grievance: 8th Amendment U.S. Constitution. Deliberate Indifference to Medical Diet needs. I have received a medical No Soy Diet since 12-3-08. See ongoing civil Rights case of Harris et al., vs Brown, et al., 3:07-CV-03225-HAB-B6C Active in U.S. Central District of Illinois. The medical staff Mary Miller, and Food Service Dietary Manager Donavin, refuse to supply me with my prior medical diet. Violates the Medical Deliberate Indifference Legal Standards set by the U.S. Supreme Court in Estelle vs Gamble, 97 S Ct 285 (1976) To verify this I turned over copies of my medical history.

Relief Requested: I want the Medical No Soy Diet issued immediately. I want this diet entered into my Master File so this will not happen on transfers to other institutions. Dishonored

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Larry Harris 〔signature〕　　　N-57672　　　4.26.16
Offender's Signature　　　　　　　　ID#　　　　　　Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: _____ / _____ / _____ 　☐ Send directly to Grievance Officer　☑ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

_____

_____

_____

Print Counselor's Name _____　Counselor's Signature _____　Date of Response _____

---

**EMERGENCY REVIEW**

Date Received: 4,27,16　Is this determined to be of an emergency nature?　☑ Yes; expedite emergency grievance
　　　　　　　　　　　　　　　　　　　　　　　　☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____〔signature〕_____　　　　　　　　　　　　　　　4,27,16
Chief Administrative Officer's Signature　　　　　　　　　　Date

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

to the Medical staff Mary Miller, and Dietary Manager Downing,
No Soy Diet is denied. To continue to make me eat a soy diet
to survive is like telling a Lung cancer patient to smoke
two packs of cigarettes a day. The Deliberate Indifference,
Standard is proven up here through the U.S. Supreme Court case
Estelle-vs-Gamble, 97 U.S. S.Ct. 285 (1976) at Key Note 8. Denial of
prior medical care. As soy consumption only EXACERBATES
the Hashimotos Thyroid, it's disease.
Denial of Medical Diet is, Illegal under these cases, and
states an Eighth Amendment claim here.
Sellers-Henman, 41 F.3d 1100, 1102 (7th Cir. 1994)
Moralles Feliciano-vs-Coldren Sierra, 300 F.Supp.2d 321, 341
(D.P.R. 2004) holding failure to provide prescribed diet
implicates 8th Amendment Rights.
Woulard-vs-Food Services, 294 F.Supp.2d 596, 604 (D.Del. 2003)
As this deals with my life, health, and ability to sustain
my body please expedite this matter so I may seek a
Federal Court Review here.
See Harris-vs-Brown, etal, 3:07-cv-03225-HAB-BGC U.S. CD
Mailed to Warden Calloway on 4-26-16
C.c. Harris File.
This Medical Diet should be in my Master File and
travel with me on every transfer so I do not have to suffer
this Deliberate Indifference to Medical needs at each new
placement.

Date Received: 4-27-16          Date of Review: 5-11-16        | Grievance #:16/0516     SEG

Committed Person: Harris, Larry                ID# N57672
Grievance Response: 16/0516-- GRIEVANCE RESPONSE-- MEDICAL TREATMENT-- Offender states that he has received a medical no soy diet since 12-3-08. Offender states that medical staff, Mary Miller, and Dietary Manager Dunavan refuse to supply him with his prior medical diet. Offender states that this medical diet should be in his master file and travel with him on every transfer so he does not have to suffer the deliberate indifference to medical needs at each new placement. RELIEF REQUESTED-- Offender requests the medical no soy diet issued immediately. Offender wants this diet entered into his Masterfile so this will not happen on transfers to other Institutions. REVIEWED-- Per Health Care; From all the information presented regarding this individual (Harris N57672) repeat testing for soy allergy is not clinically indicated. Four volumes of this Offenders medical chart was reviewed and there is no testing regarding allergies completed to show an allergy to soy. RECOMMENDATION-- Based on a total review of all available information this Grievance Officer recommends this grievance be denied. Nothing is indicated that shows that Offender Harris N57672 has been tested for soy allergy.

Never stated I was allergic to soy. Soy allergy blood test Unreliable as done by Wexford Staff. Soy is thyroid suppressant. I have Hashimotos Thyroiditis. to continue to make me survive on a soy diet is deliberate indifference to medical needs, Soy consumption exacerbates the disease. Thus, no soy diet in place since 12-3-08. See attached medical records.

_John Petersen_
Print Grievance Officer's Name                                    Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)
Mailed A.R.B. 6-9-16

| Chief Administrative Officer's Response |

Date Received: 18 May 16        ☑ I concur      ☐ I do not concur      ☐ Remand

Comments: _____

_____

_____
            Chief Administrative Officer's Signature                    5 /18 /16
                                                                            Date

| Committed Person's Appeal To The Director |

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_Larry Harris_                      N-57672              5 /27 /16
Committed Person's Signature              ID#                Date

 

Bruce Rauner
Governor

RECEIVED
6-27-16

John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

June 22, 2016

Larry Harris
Register No.  N57672
Danville Correctional Center

Dear Mr. Harris:

This is in response to your grievance received on June 16, 2016, regarding Medical (soy diet), which was alleged to have occurred at Danville Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

Offender Harris grieves he has been on a "no soy" diet since 2008.  He claims he has a condition of hashimotos thyroiditis.  He grieves Danville CC will not provide him with a no soy diet. Offender Harris provided a permit dated December 3, 2008 signed by Dr. Shah for no soy diet, indefinately.

The Grievance Officer's Report (16-0516) and subsequent recommendation dated May 11, 2016 and approval by the Chief Administrative Officer on May 18, 2016 have been reviewed.

Per Danville CC Healthcare Unit Administrator, the offender does not have a documented allergy to soy.

Based on a total review of all available information, it is recommended the grievance be remanded to Dr. Dempsey, the Acting Agency Medical Director for review of the offender's claims with regard to his condition and soy in his diet.  Upon completion a written response is to be sent to this office for review.

FOR THE BOARD: _____
Sarah Johnson
Administrative Review Board
Office of Inmate Issues

I concur.  Dr. Dempsey shall proceed accordingly.

_____
John R. Baldwin
Acting Director

cc:    Dr. Dempsey, Acting Agency Medical Director
Warden, Danville Correctional Center
Larry Harris, Register No. N57672
Tickler

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

Bruce Rauner
Governor



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: _Harris, Larry_      Date: _11/28/16_

Register # _N57672_

Facility: _Danville_

This is in response to your grievance received on _11/16/16_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _10/5/16_ Grievance Number: _16/10-08_ Griev Loc: _Danville_

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ○ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____
  Incident # _____
- ⊗ Other _Medical – 10/5/16 Nurse sick call; soy in diet._

Based on a review of all available information, this office has determined your grievance to be:

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.
- ○ Denied, in accordance with DR504F, this is an administrative decision.
- ⊗ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- ○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

- ○ Denied as the facility is following the procedures outlined in DR525.
- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: _Offender Harris concerns regarding soy diet & thyroiditis were addressed in grievance 16/0516._

FOR THE BOARD: _Sarah Johnson_ CONCURRED: _John R. Baldwin_ _11/28/16_
           Sarah Johnson                                 John R. Baldwin
         Administrative Review Board                        Acting Director

CC: Warden, _Danville_ Correctional Center
      _L. Harris_ , Register No. _N57672_

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

ILLINOIS DEPARTMENT OF CORRECTIONS

## Therapeutic Diet Order

_WTCC_ _____  **Correctional Center**

Date: _12-3-08_ _____  Time: _749_ ____ ☒ AM ☐ PM

Offender Name: _Harris_ _____  ID #: _N57673_ Housing Unit: _3A15_ _____

Type of Request:   ☐ New Order   ☐ Renewal   ☒ Change   ☐ Cancel

Diet Types:

☐ Clear Liquid                         ☐ Six Small Feedings
☐ Full Liquid                          ☐ High Protein, High Calorie
☐ Medical/Dental Soft                  ☐ Broken Jaw (Pureed)
☐ Hepatic                              ☐ Low Concentrated Sweets
☐ Low Cholesterol/Low Fat              ☐ Low Concentrated Sweets/HS Snack
☐ No Added Salt (4g)                   ☐ Discontinue Therapeutic Diet

Renal:

☐ Protein _____ Gm                 ☐ Potassium _____ Gm
☐ Sodium _____ Gm                  ☐ Phosphorous _____ Mg
☐ Fluid Restrictions _____

Comments: _Ø soy diet_ _____

_____

_____

Diet Duration: _indefinately_  Per Order of: _Shah_ _____ Physician/Dentist
                                      Print Name of Physician/Dentist
                            _M. Warning RN_
_____                _____
Physician or Dentist Signature              Signature of RN

_____

Medical Information: _____
Allergies: _____
Medication: _____
                    (If diabetic, include type and insulin dosage)

Potential Food and Drug Interactions: ☐ No  ☐ Yes _____

Page 1,                          (6of8)

Illinois Department of Corrections

# Therapeutic Diet Order

Facility: PNKCC

Name: LARRY HARRIS

Number: N 5 7 6 7 2    Race: B (W) H Other

Date: 6 , 19 , 09

Age: 50    Date of Birth: 1 , 1 , 59    Sex: (M) F

Time: 1130 (AM) PM

Housing Unit: R5-D-67    Height: 5'10"    Weight: 185

---

[X] New Order    [ ] Renewal    [ ] Change    [ ] Cancel

**Diet Types:**

| | | | |
|---|---|---|---|
| [ ] Clear Liquid | [ ] Broken Jaw | Renal: | |
| [ ] Full Liquid | Calorie Control/Diabetic: | [ ] Protein _____ Gm | |
| [ ] Medical/Dental Soft | [ ] 1,200 | [ ] Sodium _____ Gm | |
| [ ] Hepatic | [ ] 1,500 | [ ] Potassium _____ Gm | |
| [ ] Low Cholesterol | [ ] 1,800 | [ ] Phosphorous _____ Mg | |
| [ ] Low Sodium (2g) | [ ] 2,200 | | |
| [ ] Six Small Feedings | [ ] 2,500 | [ ] Fluid Restrictions _____ | |
| [ ] High Protein, High Calorie | [ ] 2,800 | | |
| [ ] Hypoglycemic | [ ] 3,000 (With FSA Approval Only) | Soy Free Diet | |

Comments: ___Hashimotos Thyroditis with Hypthyroidism.___

Diet Duration: 6 month.    _____ _____ Physician/Dentist
Provider Signature (or Designee)

---

## Medical Information

Allergies: NKA

Medication: Metamucil & Synthroid
(If diabetic, indicate type and insulin dosage)

Diagnosis: See comments

Record most recent laboratory or other findings:

NA

Potential Food and Drug Interactions:

Bun: _____ Date: _____    [ ] Yes, Comment: _____

Creatinine: _____ Date: _____    [ ] No

Glycohemoglobin: _____ Date: _____    (7 of 8)

Page 2.

Serum Chol: _____ Date: _____

DC 401-A (Rev 7-94)
I 426-0002

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

__Menard Correctional__ Center

Offender Information:

Harris                    Larry                    ID#: N 57672
Last Name                 First Name        MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 7/25/13 12:39pm | HCUA Note: | |
| | Received notification from AWP "until further notice inmate Harris will be provided a soy free diet. This is an administrative move and has nothing to do with the Doctor's order. If anyone has any questions please call" Outlook sent to Hanna, L. and Winters, J. Outlook cc'd to: Malley, M., Shearing, R., Harrington, R and Jones, A. _____ N Malley RN, MSN, HCUA | |

page 3. (8 of 8)

DOC 0084 (Eff. 9/2002)
(Replaces DC 7142)

STATE OF _Utah_____ )
County Of _Utah_____ )

## AFFIDAVIT

### Dr. Richard Pooley

I, Richard Pooley, deposes and states under oath, under penalty of perjury, that the following medical facts and my opinion concerning the treatment of this patient, are true and correct in fact and substance.

In support of that Affiant states:

1. I first reviewed the medical files of the patient, Larry G. Harris,in August of the year, 2008. At that time I reviewed the Illinois Prison Medical file on one, Larry G. Harris, # N-57672, and submitted the attached opinion to Sally Fallon-Morell. (See attached copy)

2. I stand on that review as correct-and the reason behind the pace-maker being-a thyroid issue related to the heavy consumption of soy meat substitutes, in the I.D.O.C. prison diet in place.

3. Mr. Harris has been diagnosed by the Wexford Doctors as having developed Hashimoto's Thyroiditis Disease. He was placed on a Medical No Soy Diet from December of 2008, to April of 2016. This was the correct treatment for any patient with a thyroid disease. To continue to expect this patient, Larry G. Harris, to survive on a soy based diet would only exacerbate the Hashimoto's Thyroiditis Disease he suffers from.

4. In April of 2016, this patient, Larry G. Harris, was transferred to the Danville C.C.. Once there the Wexford Medical Staff did ter-minate the correct treatment of a No Soy Diet. Patient, Larry G. Harris is now forced to survive on a daily diet consisting of soy

1 of 2

meat substitutes. To continue to eat soy once the disease of Hashimoto's
Thyroiditis is developed will only worsen and speed along the disease.

5. It is a known medical fact that soy is a thyroid suppressant.
It is a known medical fact that a patient with a thyroid disorder
should refrain from consuming soy. Especially on a daily basis as
the main protein entree in his diet.

6. I believe it is Deliberate Indifference to this patient, Larry
G. Harris, care to terminate the Medical No Soy Diet and expect
him to survive by consuming soy on a daily basis. The No Soy diet
should be re-instated immediately.

These are my medical findings and opinion here. If called to
testify for this patient I will testify to these medical facts stated
here.

x _____, MD
Dr. Richard Pooley

_____

_____

_____

Phone # _801-225-0964_

Date: _9/26/16_

Sworn and scribed before me
on this _26_ day of _September_
2016.
_____
NOTARY PUBLIC

SHERRY J SMITH
Notary Public
State Of Utah
My Commission Expires July 11, 2017
COMMISSION #662917

2 of 2